IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

V.                                                                            **NO. 3:24-CV-54-DMB-JMV**

**JARVIS CAMPBELL**                                                           **DEFENDANT**

## ORDER

On February 28, 2024, the United States of America filed a complaint against Jarvis Campbell in the United States District Court for the Northern District of Mississippi "under [the False Claims Act], … to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon … Campbell's receipt of Paycheck Protection Program ('PPP') funds to which he was not entitled."[1] Doc. #1 at PageID 1. The complaint alleges that Campbell, through misrepresentations, received PPP loan proceeds totaling $41,666.00[2] (for which the Small Business Administration paid a total of $5,000.00 in processing fees to the financial institution involved) and that based on Campbell's false representations, the SBA forgave the loans. *Id*. at PageID 6.

On March 5, 2024, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the proposed [consent judgment]." Doc. #4 at PageID 16. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Campbell who is pro se. *Id*.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination

---

[1] The complaint also seeks to recover treble damages. Doc. #1 at PageID 9.

[2] The complaint alleges Campbell obtained two loans each in the amount of $20,833.00. *Id*. at PageID 6.

> based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Campbell to pay $46,769.88 plus interest and a separate $405.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 14th day of March, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**